**TRANSATLANTICA ITALIANA v. ELTING, Collector.**

**No. 144.**

Circuit Court of Appeals, Second Circuit. Jan. 7, 1935.

Kirlin, Campbell, Hickox, Keating & McGrann, and Gaspare M. Cusumano, all of New York City (Delbert M. Tibbetts and Joseph F. Luley, both of New York City, of counsel), for appellant.

Martin Conboy, U. S. Atty., of New York City (George B. Schoonmaker, Asst. U. S. Atty., of New York City, of counsel), for appellee.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

PER CURIAM.

The plaintiff, an ocean carrier, sued the collector for wrongfully compelling it to pay three fines of $1,000 each for importing three aliens into the United States, who were excluded, two as illiterates and the third as trachomatous. The question is whether the illiterates were within either the first or seventh provisos of section 3 of the Immigration Act of 1917 (8 USCA § 136 (o, p) and whether the third alien was within the seventh proviso. We held in Navigazione Generale

Italiana v. Elting, 66 F.(2d) 537, that "residence" was a clean different thing from "domicile" in these two provisos; that domicile had its usual meaning, that is, that the alien must have been somewhere in the United States with an intention of remaining there indefinitely, or, as is the more modern law, that his home must have been in this country. "Residence" is an amorphous term; it has, indeed, an element of intent, but what that intent is varies with the context; we have never tried to define it generally. However, just as residence demands less intimate local ties than domicile, domicile allows longer absences; indeed, any length of absence whatever, if the intent remain.

■■ The first case was of an Italian illiterate who first came here on June 18, 1912, and stayed uninterruptedly till October, 1915, when he went back to join the colors. He came here again on May 16, 1919, having been discharged from the army, and stayed till December 8, 1923, when he went back to get his family, a wife and six children. He had not had a continuous residence for five years before December 8, 1923, for of that period he had been absent from December 8, 1918, till May 16, 1919. Though we held in Navigazione, etc., v. Elting, supra, page 540 of 66 F.(2d), that an alien might tack periods of residence not broken by more than six months, the absence here was three and a half years. The Assistant Secretary of Labor of that time testified that it had not been his practice to count an alien's service in the army as an interruption of his residence. This testimony, as we understand it, was not to change the law, but to excuse the carrier's acceptance of the alien; but the witness is clearly mistaken in his memory, for he himself approved the imposition of all three fines and the exclusion of one of the aliens. Aside from that, there is no evidence that this carrier knew of the practice when it accepted the aliens or acted upon it, though it did later seek to use it as an excuse. Nothing of the sort was promulgated formally, and the plaintiff took its chances.

■ As to the seventh proviso, the case is no better. The domicile must go back seven years from the date of the last arrival, Navigazione, etc., v. Elting, supra, page 540 of 66 F.(2d); and, since the alien arrived on June 22, 1924, he should have been domiciled here before June 23, 1917. At that time he was in Italy; he had not been here since October, 1915; and, as domicile involves presence, he must have acquired it before he left. But in October, 1915, he had been here less than three and a half years; he was unmarried, a casual laborer; the burden was on him to establish his right to enter. Section 23 of the Quota Act of 1924 (8 USCA § 221). Plainly there was in all this nothing to convince the officials that he was then domiciled in the United States. The second alien was also an Italian illiterate who first arrived some time in 1912; left in 1915 to serve; came back in October, 1920; left again at the end of January, 1924. His case is substantially the same as the first. The third, a trachomatous Italian, first came here in April, 1913; left on November 20, 1918; came back on November 7, 1919; went back on November 20, 1923; and was excluded in June, 1924. He may not invoke the first proviso, and must prove his domicile as early as June, 1917, at which time he was in this country. He was then a young laborer, single, not attached to any place. Whether he had already determined to make the United States his home after four years' residence must remain in doubt. Thousands of his kind came from and went back to Italy without ever deciding to make this their home. All of these aliens were properly excluded; all the facts were available on inquiry.

■ A final question is as to the amount of the fine. When the aliens embarked, section 9 of the Act of 1917 imposed a fine of $200, but by the time they had arrived this had been raised to $1,000 by the amendment of that section by section 26 of the Act of May 26, 1924 (8 USCA § 145). Though it was a necessary preliminary to take them on board, the wrong was in bringing them in. The United States made no implicit bargain with carriers that they might import aliens at $200 a head; it forbade them to do so, and might raise the fine to what it chose whatever their preparations, at least until the wrong occurred.

Judgment affirmed.